UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICARDO SANTANA,

                Plaintiff,

-against-

WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS; C.O. MALLORY; C.O. ADLER; SGT. RODRIGUEZ,

                Defendants.

**ORDER OF SERVICE**

25-CV-06628 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

    Plaintiff, who currently is detained at Westchester County Jail, brings this action *pro se*. Plaintiff asserts claims for alleged violations of his federal constitutional rights, which the Court construes as claims arising under 42 U.S.C. § 1983. The complaint can also be liberally construed as asserting claims under Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*. By order dated August 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (Doc. 5).

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.   **Individual Defendants**

Plaintiff names three individual defendants: Correction Officers Mallory and Adler, and Sergeant Rodriguez. Plaintiff's complaint, however, does not include any allegations about what the individual defendants did or failed to do that violated his rights. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Having failed to plead any facts in the complaint about these defendants, Plaintiff's allegations against these defendants do not comply with Rule 8. The Court therefore dismisses Plaintiff's claims against Defendants Mallory, Adler, and Rodriguez for failure to state a claim, without prejudice to Plaintiff's repleading his claims against them in any amended complaint that he is permitted to file, under Rule 15 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.   **Westchester County Department of Correction**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant Westchester County Department of Correction through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Mallory, Adler, and Rodriguez, without prejudice to repleading. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to issue a summons for Defendant Westchester County Department of Correction, complete the USM-285 form with the address for this Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   August 20, 2025
         White Plains, New York

*/s/ signature*

_____
PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

Westchester County Department of Correction
Westchester County Law Department
Michaelian Office Building, Suite 600
148 Martine Avenue
White Plains, New York 10601

and

Westchester County Department of Correction
Westchester County Jail
10 Woods Road
Valhalla, NY 10595