UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO SANTANA,

                      Plaintiff,

        -against-

WESTCHESTER COUNTY DEPARTMENT OF
CORRECTIONS,

                    Defendant.

**OPINION & ORDER**

25-CV-06628 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Ricardo Santana ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this action against Westchester County Department of Corrections ("Defendant") for alleged actions taken against him while he was incarcerated at Westchester County Jail in Valhalla, New York. (Doc. 1, "Compl.").[1] Construing the Complaint liberally, Plaintiff presses the following claims: (i) violation of constitutional rights pursuant to 42 U.S.C. § 1983 under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); (ii) violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.; and (iii) violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 42 U.S.C. § 701, *et seq*. (*See id.*).

Defendant filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) on January 20, 2026. (Doc. 30). Plaintiff did not file opposition to the motion to dismiss.[2]

---

[1] The Court, by Order dated August 21, 2025, dismissed, *sua sponte*, the three individual defendants originally named in the Complaint for failure to comply with Rule 8, with leave to replead. (*See* Doc. 7 at 2). Plaintiff did not file an amended complaint.

[2] Defendant, in accordance with the Court's Individual Practices, filed a pre-motion letter on December 5, 2025, indicating its intention to move to dismiss Plaintiff's claims. (Doc. 13). Plaintiff did not respond to the pre-motion letter and, on December 16, 2025, the Court granted Defendant's request for leave to file a motion to dismiss, waived any pre-motion conference requirement, and set a briefing schedule for the motion, with Plaintiff's opposition due on February 24, 2026. (Doc. 15). On January 20, 2026, Defendant filed the notice of motion, declaration and memorandum in support, and affirmation of service, indicating

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

The Court recites the facts herein only to the extent necessary to adjudicate the extant motion to dismiss and draws them from the Complaint. The Court draws all reasonable inferences in Plaintiff's favor. *See Lesser v. TD Bank, N.A.*, 463 F. Supp. 3d 438, 445 (S.D.N.Y. 2020).

Plaintiff, in or about July 2025, was incarcerated in the Westchester County Jail. (Compl. at 4). He describes himself as "handicap[p]ed" and alleges he "walk[s] with a cane." (*Id.*). On July 21, 2025, Plaintiff alleges he slipped and fell "while drying off" in the "2-N-W shower," due to

---

the motion papers were sent to Plaintiff via mail. (*See* Docs. 16-20). While the Court's December 16, 2025 order was apparently mailed to Plaintiff (*see* December 17, 2025 Entry), Defendant notified the Court by letter dated February 2, 2026, that the motion papers were returned with the notation that Plaintiff was "no longer at that address and that there [was] no forwarding address." (Doc. 21). The February 2, 2026 Letter also noted that the "Department of Correction" confirmed that "Plaintiff was released from the Westchester County Jail on December 3, 2025" and a current address for Plaintiff was unknown. (*Id.*). Accordingly, on February 3, 2026, the Court directed Plaintiff to advise the Court in writing of his correct mailing address, and cautioned that if Plaintiff failed to comply with the Order by March 4, 2026, the action may be dismissed. (Doc. 23). The February 3, 2026 Order also requested that Defendant file a letter no later than March 4, 2026, notifying the Court of Plaintiff's current address, to the extent known. (*Id.*). On February 4, 2026, a mailing receipt was entered indicating that the Court's February 3, 2026 Order was mailed to Plaintiff at the address stated on the docket. (Feb. 4, 2026 Entry). There is no indication on the docket that Plaintiff failed to receive the Court's February 3, 2026 Order. On March 4, 2026, while Plaintiff failed to provide his current address to the Court, Defendant filed a letter notifying the Court of the last known address of Plaintiff, namely, 265 W. Post Road, White Plains, NY 10606. (Doc. 24). Accordingly, given Plaintiff's *pro se* status and despite his failure to comply with the Court's previous order, on March 31, 2026, the Court *sua sponte* extended Plaintiff's time to oppose the motion to April 30, 2026, directed Plaintiff to again advise the Court in writing of his correct mailing address, and cautioned that if Plaintiff failed to comply with the Order by April 30, 2026, the action would be dismissed. (Doc. 26). While the Court's March 31, 2026 Order was mailed to Plaintiff at the address stated on the docket, as well as to the address provided by Defendant (*see* Apr. 1, 2026 Entries), it was returned on April 13 and 22, 2026, with the notation, "Return to Sender Attempted - Not Known Unable to forward" (*see* Apr. 13 and 22, 2026 Entries). Plaintiff did not file opposition by April 30, 2026, and upon review of the docket, no filings have been made by Plaintiff in this matter since October 16, 2025. As is clear from the docket, it is well within the Court's discretion to dismiss this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., King v. Garcia*, No. 21-CV-09118, 2023 WL 3724982, at *4 (S.D.N.Y. May 30, 2023) ("Where, as here, a plaintiff was released from custody and appears to have abandoned the litigation, dismissal is appropriate."). However, as dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," the Court declines to dismiss the matter on this ground. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). Instead, the Court deems Defendant's motion to dismiss as unopposed, fully submitted, and *sub judice*.

"slip-resistant shower mats not being present in the shower." (*Id.*). Plaintiff claims that "none of the showers are for disabled people," that he "complained about this problem before [his] injury happened," and subsequent to his injury, "new floor mats are [now] in place in the shower." (*Id.*). Plaintiff alleges that as a result of the fall, he injured his "right hand, wrist, and forearm," and now suffers from "excruciating pain day and night" in his "right hand, back, and head." (*Id.*).

This litigation followed.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "consider the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

66, 71 (2d Cir. 2009). The presumption of truth, however, "is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 72. A plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cnty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## ANALYSIS

I. <u>Failure to State a Claim</u>

Construing the Complaint liberally, Plaintiff presses claims under 42 U.S.C. § 1983, Title II of the ADA, and the Rehabilitation Act. (*See* Compl. at 4-5). Defendant moves to dismiss each of Plaintiff's claims under Rule 12(b)(6). (Def. Br. at 3-8). The Court will address the plausibility of Plaintiff's claims for relief *seriatim*.

### A. First Claim for Relief: *Monell* Liability

Plaintiff's first claim for relief is for violation of constitutional rights pursuant to 42 U.S.C. § 1983 under *Monell*. (Compl. at 4). Defendant argues that Plaintiff's conclusory allegations fail to demonstrate an underlying constitutional violation, and in any event, Plaintiff failed to plausibly allege that any such violation, even if properly pled, was the result of a "policy or custom" put in place by Defendant. (Def. Br. at 3-6). The Court agrees.

42 U.S.C. § 1983 provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."42 U.S.C. § 1983. "[T]his language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *6 (S.D.N.Y. June 30, 2021) (quoting *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021) (alteration in original)).

Under *Monell* and its progeny, a municipality may be held liable where a plaintiff's constitutional rights are violated because of a municipal policy or custom. *See Jimenez v. City of New York*, No. 18-CV-07273, 2020 WL 1467371, at *3 (S.D.N.Y. Mar. 26, 2020) ("Plaintiff must plead allegations that 'the government body *itself* subjects a person to a deprivation of rights or

causes a person to be subjected to such deprivation.'" (quoting *Connick v. Thompson*, 563 U.S. 51, 60 (2011))). "[T]o prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Triano v. Town of Harrison, New York*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). Such a claim "cannot lie in the absence of an underlying constitutional violation." *Galgano v. Cnty. of Putnam*, No. 16-CV-03572, 2020 WL 3618512, at *9 (S.D.N.Y. July 2, 2020) (quoting *DeRaffele v. City of New Rochelle*, No. 15-CV-00282, 2017 WL 2560008, at *6 (S.D.N.Y. June 13, 2017)).

Construed liberally, Plaintiff appears to press an Eighth Amendment conditions of confinement claim, stemming from the alleged slippery conditions of Westchester County Jail's shower, as the constitutional violation underlying his *Monell* claim. (*See* Compl. at 4).

The Eighth Amendment instructs that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted," U.S. Const. amend. VIII, and the Supreme Court has explained that the Eighth Amendment requires that prison officials "provide humane conditions of confinement," which include making sure "that inmates receive adequate food, clothing, shelter, and medical care . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim for relief where, as here, relief is based on a theory that "the conditions of . . . confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996).

Under the first step of the analysis, a plaintiff must show that the conditions of confinement are "objectively serious," and may do so by showing "the conditions, either alone or in

combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). This assessment is not "static," as "[t]he conditions themselves must be evaluated in light of contemporary standards of decency." *Blissett v. Coughlin*, 66 F.3d 531, 537 (2d Cir. 1995). At the motion to dismiss stage, the Court must determine whether the plaintiff's allegations lead to the plausible inference that the plaintiff was "deprived of [his] basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety" or was "exposed to conditions that pose[d] an unreasonable risk of serious damage to [his] future health." *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012). As for the second step of the analysis, the subjective element, a defendant:

> cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Darnell v. Pineiro*, 849 F.3d 17, 32 (2d Cir. 2017) (quoting *Farmer*, 511 U.S. at 837); *see also Reyes v. Wenderlich*, 779 F. App'x 55, 56 (2d Cir. 2019) (noting that a plaintiff "must demonstrate that, subjectively, prison staff acted with deliberate indifference . . . in failing to address the purported danger").

Plaintiff's allegations, even construed liberally, do not provide sufficient detail to satisfy either the objective or subjective prong of the analysis. As an initial matter, that Plaintiff slipped and fell in the shower "due to slip-resistant shower mats not being present," does not push the needle past garden-variety injuries to create "an unreasonable risk of serious damage to . . . future health," as it is well-settled that such allegations amount to, at most, "a finding of simple negligence." *Cox v. Nassau Cnty. Corr. Ctr.*, No. 11-CV-01937, 2013 WL 831194, at *3 (E.D.N.Y. Feb. 15, 2013). Even if Plaintiff's allegations were sufficient to satisfy the objective prong, which

they are not, Plaintiff cannot plausibly satisfy the subjective prong. Specifically, Plaintiff's scant assertions that "none of the showers are for disabled and ha[nd]icap[ped] people like myself," and that he "even complained about this problem before [his] injury happened," are insufficient to provide Defendant with "the requisite information to know of and disregard any risk to [P]laintiff's health or safety." *See Burgess v. Gerbing*, No. 15-CV-09256, 2017 WL 2992208, at *4 (S.D.N.Y. July 13, 2017). Plaintiff does not provide any information about who he "complained" to, or what he specifically complained about, rendering such conclusory allegations insufficient. *See Alsaifullah v. Furco*, No. 12-CV-02907, 2013 WL 3972514, at *15 (S.D.N.Y. Aug. 2, 2013).

Because Plaintiff fails to plausibly allege a violation of a constitutional right, his *Monell* claim must be dismissed. *See Schultz v. Inc. Vill. of Bellport*, 479 F. App'x 358, 360 (2d Cir. 2012) ("Because [the plaintiff] was unable to establish an underlying violation of his constitutional rights . . . his . . . *Monell* claim necessarily fail[s] as well."); *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."). Additionally, Plaintiff failed to plead the existence of any municipal custom or policy that violated his constitutional rights. That failure to plead is likewise fatal to Plaintiff's claim. *See Williams v. Fryermuth*, No. 23-CV-02156, 2024 WL 4557444, at *5 (S.D.N.Y. Oct. 23, 2024).

Accordingly, Plaintiff's claim for liability under *Monell* is dismissed.

### B.  Second and Third Claims for Relief: Violations of the ADA and Rehabilitation Act

Plaintiff's second and third claims for relief, construed liberally, are for violations of Title II of the ADA and the Rehabilitation Act, stemming from the slip and fall that Plaintiff, an allegedly "handicapped" individual who walks with a "cane," suffered in the shower due to the absence of "slip-resistant shower mats." (Compl. at 4-5).

Title II of the ADA prohibits a "public entity" from discriminating against a "qualified individual with a disability" on account of that individual's disability. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 208 (1998) (citing 42 U.S.C. § 12131). To state a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009); *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

Section 504 of the Rehabilitation Act imposes requirements nearly identical to those in Title II of the ADA. *See Henrietta D.*, 331 F.3d at 272. To state a claim under Section 504 of the Rehabilitation Act, a prisoner must establish that: (1) he is a qualified individual with a disability; (2) he is otherwise qualified to participate in the offered activity or program or to enjoy the services or benefits offered; (3) he is being excluded from participation or enjoyment solely by reason of his disability; and (4) the entity denying the inmate participation or enjoyment receives federal financial assistance. *Hallett v. New York State Dep't of Corr. Servs.*, 109 F. Supp. 2d 190, 198 (S.D.N.Y. 2000).

Even assuming *arguendo* that Plaintiff's conclusory assertions that he is "handicap[p]ed" and "walk[s] with a cane" are enough to sufficiently qualify as a "disability" under either the ADA or the Rehabilitation Act (Compl. at 5), Plaintiff's claims nonetheless fail as he in no way alleges that he was discriminated against on the *basis* of his disability, as required by both statutes. *See Maccharulo v. New York State Dep't of Corr. Servs.*, No. 08-CV-00301, 2010 WL 2899751, at *5 (S.D.N.Y. July 21, 2010) ("[A] claim that does not allege such discriminatory treatment is not a

viable claim under [the ADA or Rehab Act].”). Plaintiff's blanket assertion that “none of the showers are for disabled and han[di]cap[ped] people like myself and others” (Compl. at 5), without more, is insufficient to show that the misconduct, *i.e.* the lack of “slip-resistant shower mats,” was “motivated by *reason* of some disability.” *Dash v. Mayers*, No. 19-CV-00414, 2020 WL 1946303, at *9 (S.D.N.Y. Apr. 23, 2020), *adopted by* 2020 WL 3057133 (S.D.N.Y. June 9, 2020) (emphasis added).

Accordingly, Plaintiff's claims under the ADA and Rehabilitation Act are dismissed.

## II.   Leave to Amend

Leave to amend a complaint should be freely given “when justice so requires.” Fed. R. Civ. P. 15(a)(2). “[I]t is within the sound discretion of the district court to grant or deny leave to amend.” *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Liberal application of Rule 15(a) is warranted with respect to *pro se* litigants who “should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim.” *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)). District courts “should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.” *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court, applying these principles, grants Plaintiff leave to file an amended complaint within thirty days of the date of this Opinion and Order. *See Attestor Value Master Fund v. Republic of Arg.*, 940 F.3d 825, 833 (2d Cir. 2019). Because Plaintiff's new complaint “will completely replace, not supplement,” his current complaint, “any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.” *See*

*Rivers v. Department of Corrections NYC*, No. 24-CV-00120, 2024 WL 1621417, at *3 (S.D.N.Y. Apr. 15, 2024).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

Plaintiff may file an Amended Complaint within thirty days from the date of this Opinion and Order to address only the substantive pleading deficiencies identified herein and for no other purpose. Failure to file an Amended Complaint within thirty days will result in dismissal of this action without further notice to Plaintiff.

The Clerk of Court is respectfully requested to terminate the motion sequence pending at Doc. 16 and mail a copy of this Opinion and Order to Plaintiff at the address listed on the docket, and to the following address: 265 W. Post Road White Plains, NY 10606.

**SO ORDERED.**

Dated:   White Plains, New York
         May 27, 2026

_____
PHILIP M. HALPERN
United States District Judge

11